**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-cv-22625-ALTMAN/Lett**

**VILLAS LAS PALMAS
CONDOMINIUM ASSOCIATION, INC.**,

    *Plaintiff*,

v.

**SCOTTSDALE INSURANCE CO.**
and **WILLIAM DOMINGO MEZA**,

    *Defendants*.

_____/

**ORDER GRANTING IN PART MOTION TO REMAND**

On May 8, 2025, the Plaintiff—Villas Las Palmas Condominium, Inc., a Florida corporation—filed a Complaint in state-court against the two Defendants: Scottsdale Insurance Co., an Ohio corporation, and William Domingo Meza, a roofer who resides in Miami-Dade County, Florida. *See* Complaint [ECF No. 1-2] ¶¶ 2–4. Scottsdale removed this case under our diversity jurisdiction, arguing that Villas Las Palmas "engaged in fraudulent joinder for the purposes of defeating removal in this matter" by suing Scottdale and Meza jointly. Notice of Removal [ECF No. 1] ¶ 14. Villas Las Palmas has moved to remand this case to state court. *See* Motion to Remand [ECF No. 18].[1] For the following reasons, the Motion to Remand is **GRANTED in part** and **DENIED in part**.

**THE FACTS**

Villas Las Palmas and Scottsdale "entered into an insurance contract . . . with effect dates from April 30, 2022, through April 30, 2023, providing coverage to [Villa Las Palmas's] home/dwelling located at 601 E 1st Avenue, Hialeah, FL 33010" (the "Policy"). Complaint ¶ 6. The Policy "was an

---

[1] The Motion to Remand is fully briefed and ripe for adjudication. *See* Response in Opposition to Motion to Remand ("Response") [ECF No. 23]; Reply in Support of Motion to Remand ("Reply") [ECF No. 24].

all-risk Policy and provided coverage for all direct physical loss to Plaintiffs' property unless specifically excluded." *Id.* ¶ 7. On September 28, 2022, the property "sustained physical loss from tropical storm damage." *Id.* ¶ 8. Villas Las Palmas notified Scottdale about the loss and "provided [it] with an estimate from Rapid Public Adjusters, Inc., reflecting damages in the amount of $151,997.88." Notice of Removal ¶ 7. "Scottsdale completed an inspection of the Property and determined the insurance policy did not afford coverage for Plaintiff's claim." *Id.* ¶ 6; *see also* Complaint ¶ 9 ("[Scottsdale] denied the claim pursuant to correspondence dated 06/23/2023."). Scottsdale justified the denial based on the findings of its engineer, who advised that "the roof does not have any wind damage" and that the damage was caused—in large part—by "inadequate workmanship in the installation of the roof." Denial Letter [ECF No. 18-2] at 1; *see also id.* at 4 ("Wear and tear, deterioration, expansion and shrinkage, cracking, and inadequate workmanship and materials are not covered causes of loss because those causes are excluded from coverage. Therefore, no coverage is provided for the roof damages.").

Villas Las Palmas's Complaint contains three counts. Count I seeks a declaratory judgment that Scottsdale "failed to provide proper coverage to Plaintiffs for the damage stemming from the Loss, as Plaintiffs are entitled to under the Policy." Complaint ¶ 13. Count II asserts a breach-of-contract claim against Scottsdale based on its failure to indemnify Villas Las Palmas after it submitted a claim. *See id.* ¶ 29 ("[Scottsdale] breached the insurance contract, including, but not limited to, failing to indemnify the Plaintiffs for damages to the Plaintiffs' dwelling, personal property and/or additional living expense/loss of use in violation of the terms and conditions of the subject insurance policy."). Count III, by contrast, brings a negligence count against Meza. Villas Las Palmas says that Meza owed it "a duty of care to perform roofing work on the Property in a skillful, careful, diligent, and workmanlike manner" and that he breached that duty "by causing damage to Plaintiffs roof during the course of its [sic] work." *Id.* ¶¶ 33, 35.

2

## THE LAW

A federal court must remand to state court any case that has been improperly removed. *See* 28 U.S.C. § 1447(c). "It is the burden of the party seeking federal jurisdiction to demonstrate that diversity exists by a preponderance of the evidence." *Molinas Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1340 (11th Cir. 2011) (cleaned up). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Ala.*, 168 F.3d at 411 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). "Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *Ibid.* (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

Congress has authorized the federal district courts to exercise original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a). This type of jurisdiction (what we call diversity jurisdiction) requires *complete* diversity: Every plaintiff must be diverse from every defendant. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996)). The party invoking diversity jurisdiction must establish that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). "A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010).

"When a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court. The plaintiff is said to have effectuated a 'fraudulent joinder[.]'" *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). "To establish fraudulent joinder, the removing party has the burden of proving by clear and convincing evidence

3

that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011). "This burden is a heavy one," *ibid.*, because "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001) (quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440–41 (11th Cir. 1983)); *see also Henderson*, 454 F.3d at 1284 ("Henderson's patchy allegations may ultimately prove insufficient, but we are unable to say there is no possibility she has asserted a colorable claim[.]").

## ANALYSIS

The sole issue in the Motion to Remand is whether Villas Las Palmas fraudulently joined Meza to defeat our diversity jurisdiction. Scottsdale's position is that Villas Las Palmas's claim against Meza for "negligently perform[ing] roofing work on the Property" is a "totally unrelated occurrence and cause of action to the causes of action brought against Scottsdale." Notice of Removal ¶ 12; *see also id.* ¶ 19 ("[T]here clearly is no connection to any claims between Defendants and there is no question of law or fact common to all defendants that will arise in the action. One action is a breach of contract action based on a tropical storm claim and the other is a negligence claim against a roofer with separate, independent and unrelated facts and no common questions of law." (citation omitted)). Villas Las Palmas argues that joining Scottsdale and Meza is appropriate because its "claims all stem from the same occurrence or series of occurrences—the damages and losses to the property. The questions of fact common to all parties relate to the scope and cause of the claimed property damage, the amount of damage and whether the damages are covered under the policy, the fault of Defendant Meza, or a combination of the two." Motion to Remand at 11. Under Villas Las Palmas's theory of joinder, suing

4

Scottsdale and Meza makes sense because Villas Las Palmas's claims against both Defendants "arise out of the same damage to [its] property." *Id.* at 10.

For two reasons, we agree with Villas Las Palmas that joinder is appropriate (or, at the very least, not fraudulent) here. *First*, Villas Las Palmas "can establish a cause of action against [Meza]." *Stillwell*, 663 F.3d at 1332. *Second*, "the permissive joinder standards of Rule 20 are satisfied." *Triggs*, 154 F.3d at 1288.

Starting with the cause of action, the Complaint alleges that Meza was negligent under Florida law when he "caus[ed] damage to Plaintiff's roof during the course of [his] work." Complaint ¶ 35. "To state a claim for negligence under Florida law, a plaintiff must allege that the defendant owed the plaintiff a duty of care, that the defendant breached that duty, and that the breach caused the plaintiff to suffer damages." *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1262 (11th Cir. 2001) (citing *Paterson v. Deeb*, 472 So. 2d 1210, 1214 (Fla. 1st DCA 1985)). Villas Las Palmas alleges that Meza "owed [it] a duty of care to perform roofing work on the Property in a skillful, careful, diligent, and workmanlike manner[,]" and that Meza breached this duty "by causing damage to Plaintiff's roof" during the course of employment. Complaint ¶¶ 33, 35; *cf. Cessna Aircraft Co. v. Avior Techs., Inc.*, 990 So. 2d 532, 538 (Fla. 3d DCA 2008) (holding that an "individual professional employee" who "contracts to provide professional services . . . has a duty to render those services according to the standard of care used by similarly situated professionals").

Scottsdale is right that the allegations in the Complaint are vague and may not satisfy federal pleading standards. *See* Response at 2 ("The Complaint, in a most general fashion, alleges Plaintiff owed a duty of care to perform roofing work and breached the duty of care by causing damage to Plaintiff's roof. There is not one mention of when this act occurred."); *id.* at 3 ("However, in it's Complaint, Plaintiff does not allege that Meza negligently installed the roof. Plaintiff's vague allegation is that Meza performed negligent roofing services. Plaintiff's negligence count is plead in such a way

that it has no real connection to the claim against Scottsdale."). But Villas Las Palmas must only show that there is "a *possibility* that a state court would find that the complaint states a cause of action against [Meza]." *Tillman*, 253 F.3d at 1305 (emphasis added) (quoting *Coker*, 709 F.2d at 1440). That is a much lower standard than stating a claim under Rule 12(b)(6). *See Stillwell*, 663 F.3d at 1333 ("This standard differs from the standard applicable to a 12(b)(6) motion to dismiss. To survive a 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . In contrast, all that is required to defeat a fraudulent joinder claim is a possibility of stating a valid cause of action." (cleaned up)). Since it's *possible* that Villas Las Palmas stated a negligence claim against Meza, we can't say that Scottsdale "has [met its] burden of proving by clear and convincing evidence" that there was fraudulent joinder. *Id.* at 1332 (cleaned up).

The Eleventh Circuit has also, on occasion, discussed the concept of "fraudulent misjoinder"—"where a diverse defendant is joined with a non-diverse defendant . . . [and] the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant." *Black v. Cable News Network, Inc.*, 2016 WL 4443622, at *2 (S.D. Fla. July 19, 2016) (Rosenberg, J.) (citing *Triggs*, 154 F.3d at 1287). But fraudulent misjoinder cannot occur if the parties *could* be permissively joined under FED. R. CIV. P. 20. *See Triggs*, 154 F.3d at 1288 ("Crump is not fraudulently joined. Indeed, the joinder of Crump fits comfortably within the rule for permissive joinder of parties as provided in Rule 20 of the Federal Rules of Civil Procedure."); *Ruiz v. Ringling Coll. Of Art & Design, Inc.*, 656 F. Supp. 3d 1340, 1354 (M.D. Fla. 2023) (Honeywell, J.) ("A court must first determine whether a joinder satisfies the permissive joinder requirements of Rule 20(a). If permissive joinder is appropriate, then there obviously can be no fraudulent joinder." (cleaned up)). "Rule 20(a) requires a plaintiff to demonstrate two prerequisites in order to permissively join a party: first, the claims against the party to be joined must arise out of the same transaction or occurrence, or series of transactions or occurrences, and second, there must be some question of law or fact common to all parties to be

joined." *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 839 (11th Cir. 2017) (cleaned up). "Joinder is 'strongly encouraged' and the rules are construed generously 'towards entertaining the broadest possible scope of action consistent with fairness to the parties.'" *Ibid.* (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)). However, even if the parties are arguably misjoined under Rule 20, the joinder won't rise to the level of fraud absent a showing of "egregious misjoinder." *See Tapscott*, 77 F.3d at 1360 ("We do not hold that mere misjoinder is fraudulent joinder, but we do agree with the district court that Appellants' attempt to join these parties is so egregious as to constitute fraudulent joinder.").

We find that joining Scottsdale and Meza doesn't violate Rule 20's extremely permissive scope. Villas Las Palmas alleges that its property's roof has been severely damaged. *See* Roof Assessment [ECF No. 18-1] at 6–7 (discussing condition of the roof). Villas Las Palmas believes it's entitled to compensation *either* because Meza negligently caused damage to the roof *or* because a tropical storm damaged the roof (and Scottsdale refused to extend coverage). *See* Motion to Remand at 11 ("Plaintiff's claims all stem from the same occurrence or series of occurrences—the damages and losses to the property. The questions of fact common to all parties relate to the scope and cause of the claimed property damage, the amount of damage and whether the damages are covered under the policy, the fault of Defendant Meza, or a combination of the two."). While joining an allegedly negligent roofer and an insurance company is somewhat unusual, Villas Las Palmas's claims against both Defendants are just alternative theories of liability and recovery for the same roof damage. We think that's sufficient to justify joinder under Rule 20. *See, e.g.*, *Pearson v. Safeco Ins. Co. of Ind.*, 2018 WL 279289, at *4 (N.D. Ga. Jan. 3, 2018) (Thrash, J.) ("Here, the Plaintiffs' claims against Big Red operate as an alternative right to relief; that is, if Safeco is not liable for the damage under the insurance contract because of any negligence by Big Red, the Pearsons would have the possibility of recovering from Big Red for the damages it was responsible for."); *Colson v. Joe East Heating & Air Condition, Inc.*, 2012 WL

7

6186176, at *3 (N.D. Ala. Dec. 10, 2012) (Johnson, J.) ("As a practical matter, the claims against defendant USAA require proof of the same set of facts that the plaintiff must prove to prevail in her claims against Joe East and Stay Dry. Additionally, should USAA provide benefits under its mold remediation clause, it has the right to seek the same back from those who allegedly caused the damage, namely Joe East or Stay Dry, there will be no claim left against USAA."). We thus conclude that there hasn't been any fraudulent misjoinder here.[2]

Villas Las Palmas also asks for "an award of attorney's fees to be assessed against Defendant Scottsdale, as the removing party, pursuant to 28 U.S.C. § 1447(c)[.]" Motion to Remand at 12. "[A]bsent unusual circumstances, attorney's fees should not be awarded [under § 1447(c)] when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005). While Villas Las Palmas insists that "Defendant Scottsdale did not have an objectively reasonable basis for removal" and that it "failed to present any objectively reasonable arguments or evidence for why the Court should disregard Defendant Meza's citizenship for purposes of determining diversity jurisdiction[,]" we won't award attorney's fees here. Motion to Remand at 13. Scottsdale was reasonably skeptical of Villas Las Palmas's decision to join a negligence claim against a roofer with a declaratory judgment and breach-of-contract claim against an insurance company, especially when "[t]he negligence allegations in the Complaint are bare bones and non-specific."

---

[2] Even if Scottsdale and Meza aren't properly joined under Rule 20, we certainly don't think this misjoinder is "egregious." "In an egregious misjoinder, there is such a lack of connection between the claims that it is clearly or obviously misjoined." *Ruiz*, 656 F. Supp. 3d at 1356 (cleaned up). Conversely, "misjoinder is not egregious where there is some factual nexus between the claims, whether or not it rises to a level that would comply with Rule 20(a)." *Id.* at 1357; *see also, e.g.*, *In re Trasylol Prods. Liab. Litig.*, 754 F. Supp. 2d 1331, 1337 (S.D. Fla. 2010) (Middlebrooks, J.) ("These facts do not present the level of egregiousness that was present in *Tapscott,* the holding of which pertained to misjoinder of the defendants. Claims there were completely disconnected. The only commonality was the fact that the same statutes were violated. . . . [Here], a factual nexus between the claims exist."). Courts also "rarely deny motions to remand" based on egregious misjoinder. *Black*, 2016 WL 4443622, at *4. We find there to be a sufficient "factual nexus" between Villas Las Palmas's claims because they "are substantially intertwined in that they involve the same damage to the same property during the same or materially similar time frame." Reply at 4.

Response at 5; *see also Meyer v. Health Mgmt. Assocs., Inc.*, 841 F. Supp. 2d 1262, 1273 (S.D. Fla. 2012) (Scola, J.) ("Removal is not objectively unreasonable simply because the removing party's arguments lack merit and the removal is ultimately unsuccessful. . . . [T]he arguments in favor of removal jurisdiction, while not persuasive in the end, appear to have been made in good faith, on the basis of the particular facts and circumstances at issue." (cleaned up)).[3] While remand is appropriate, we won't punish Scottsdale for its unsuccessful removal attempt.

## CONCLUSION

Accordingly, we hereby **ORDER and ADJUDGE** as follows:

1. Villas Las Palmas's Motion to Remand [ECF No. 18] is **GRANTED in part** and **DENIED in part**. This case is **REMANDED** to the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida. We won't, however, award attorney's fees under 28 U.S.C. § 1447(c).

2. Scottsdale's Motion to Dismiss [ECF No. 7] is **DENIED as moot**.

3. All pending deadlines and hearings are **TERMINATED**, and any other pending motions are **DENIED AS MOOT**.

4. The Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in the Southern District of Florida on July 30, 2025.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

---

[3] Villas Las Palmas's own caselaw suggests that an award of fees under § 1447(c) is not justified. *See Pearson*, 2018 WL 279289, at *5 ("[T]he Court cannot say that Safeco lacked any reasonable basis for believing that it could remove this case. Given Safeco's well reasoned, if ultimately incorrect, briefs, the Court finds that no fees or costs are warranted in this instance.").